# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-0968-N-BH |
| | § | |
| MARINA LARES, | § | |
|     Defendant. | § | Pretrial Management |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to the *Order of Reference* dated March 29, 2012, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Defendant's Motion to Dismiss and Brief in Support*, filed May 14, 2012 (doc. 6). Based on the relevant filings and applicable law, the motion to dismiss should be **DENIED**.

## I. BACKGROUND

On March 28, 2012, J&J Sports Productions, Inc. (Plaintiff) filed suit against Marina Lares (Defendant), individually and d/b/a Pancho Villa Sports Bar, for alleged violations of §§ 553 and 605 of the Federal Communications Act (FCA), 47 U.S.C. §§ 553, 605. (*See* doc. 1.)

The complaint alleges that Plaintiff was the license company with the authority to sub-license the exhibition of a closed-circuit telecast of the "Latin Fury 'Tijuana Thunder': Chavez, Jr. v. Cuello, WBO Latino Light Middleweight Championship Fight Program" (Event) which was broadcast on March 28, 2009. (*Id*. at 2.) It further alleges that transmission of the Event was scrambled, and that commercial establishments had to contract with Plaintiff in order to obtain access to an unscrambled telecast of the Event. (*Id*. at 3.)

The complaint further alleges that Defendant owns a restaurant called Pancho Villa Sports

Bar, and that Defendant did not obtain a license to broadcast the Event from Plaintiff. (*Id*. at 1-4.) Nonetheless, Defendant allegedly intercepted the transmission of the Event and transmitted, divulged and published the Event to her restaurant patrons. (*Id*.)

On May 14, 2012, Defendant moved to dismiss this action pursuant to Rule 12(b)(6). (*See* doc. 6.) With a timely filed response and reply, her motion is ripe for consideration. (*See* docs. 10; 11.)

## II.  RULE 12(b)(6) MOTION TO DISMISS

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).

Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555; *accord Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. 570; *accord Iqbal*, 556 U.S. at 679-80.

### III. STATUTE OF LIMITATIONS

Defendant moves to dismiss for failure to state a claim upon which relief can be granted. (Doc. 6 at 5.) She contends that Plaintiff's cause of action is barred by the applicable statute of limitations.[1] (*Id*.) Specifically, she urges the Court to "borrow" the two-year limitations period for claims under the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code § 134.001 et seq. (West 2011), for purposes of deciding whether Plaintiff's FCA claims are time-barred. (*Id*.)

The FCA does not specify a statute of limitations for actions under §§ 553 and 605. *Prostar v. Massachi*, 239 F.3d 669, 671 (5th Cir. 2001) (per curiam). In such a case, courts generally borrow

---

[1] Although Defendant initially moved to dismiss under Rules 12(b)(4) and (b)(5), (doc. 6 at 6), it subsequently withdrew that part of its motion, (doc. 11 at 9). Consideration of the sufficiency of process and service of process is therefore unnecessary.

3

the most closely analogous state limitations period. *Kingvision Pay-Per-View, Ltd. v. Betancourt*, No. H-11-0236, 2011 WL 1900166, at *2 (S.D. Tex. May 19,2011) (citing *Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409, 414 (2005). In cases "where application of state law would 'frustrate or interfere with the implementation of national policies . . . or be at odds with the purposes or operation of federal substantive law,'" however, courts may elect to adopt the limitations period for an analogous federal statute instead. *Prostar*, 239 F.3d at 672. In determining whether circumstances warrant application of a federal statute of limitations in lieu of the most closely analogous state law limitations period, courts are to consider whether the federal limitations period "clearly provides a closer analogy than available state statutes, and [whether] the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking." *Id.* (quoting from *North Star Steel Co. v. Thomas*, 515 U.S. 29, 35 (1995).

In *Prostar*, the Fifth Circuit determined that Louisiana's conversion statute was that state's most analogous statute to the FCA. After considering the national character of the cable industry and the stated legislative purpose of providing a national enforcement regime through the FCA, it determined that application of multiple statutes of limitations across the 50 states would frustrate and interfere with the implementation of the FCA. Concluding that it was a better "fit" with the FCA than a state law conversion action, the Fifth Circuit identified the Copyright Act as the appropriate federal analogue to claims under §§ 553 and 605 and found that its three-year limitations period governed the plaintiff's FCA claims.

Subsequently, several district courts in Texas considering the applicable limitations period for FCA actions under §§ 553 and 605 have concluded that *Prostar* is binding, and that the

4

Copyright Act's three-year statute of limitations applies. *See J & J Sports Prods., Inc. v. Guerra*, No. 4:12-CV-945, 2012 WL 5381787, at *2-5 (S.D. Tex. Oct. 31, 2012); *J & J Sports Prods., Inc. v. Mandell Family Ventures,* LLC, No. 3:10-CV-02489-BF, 2012 WL 4757694, at *3 (N.D. Tex. Oct. 5, 2012); *J & J Sports Prods., Inc. v. Chapman*, 2011 U.S. Dist. LEXIS 120242, at *3-4 (W.D. Tex. Oct. 18, 2011); *J & J Sports Prods., Inc. v. Orellana*, No. H-11-0574, 2011 WL 3021861, at *1-2 (S.D. Tex. July 22, 2011); *Betancourt*, 2011 WL 1900166, at *2-6 (S.D. Tex. May 19, 2011); *Garden City Boxing Club, Inc. v. Johnson*, 552 F. Supp.2d 611, 615 (N.D. Tex. 2008). In addition, district courts in Texas have uniformly applied a three-year statute of limitations to FCA cases. *See J & & Sports Prods., Inc. v. Gutierrez*, No. SA-11-CA-1044-OG (W.D. Tex. Mar. 19, 2012), *recommendation adopted* Apr. 13, 2012; *J & J Sports Prods., Inc. v. Garcia*, No. SA-11-CA-1047-OLG (W.D. Tex. Mar. 13, 2012); *J & J Sports Prods., Inc. v. Ho-Hak, Inc.*, No. 5:11-CV-00625-XR, 2011 WL 4628688, at * (W.D. Tex. Sept. 29, 2011); *J & J Sports Prods., Inc. v. Orellano*, No. H-11-1598 (S.D. Tex. Sept. 7, 2011); *J & J Sports Prods., Inc. v. Cindy's Gone Hog Wild, Inc.*, No. A-11-CA-127-SS, 2011 U.S. Dist. LEXIS 97501, at *3 (W.D. Tex. Aug. 29, 2011); *Kingvision Pay-Per-View, Ltd. v. Guerrero*, No. 3:08-CV-1970-G (BF), 2009 WL 1973504, at *2 (N.D. Tex. July 7, 2009); *DirecTV, Inc. v. Jones*, No. 03-CV-706, 2004 WL 3771287, at *2 n. 2 (W.D. Tex. May 5, 2004). Accordingly, the applicable statute of limitations is three years.[2]

Here, Plaintiff's cause of action accrued on March 28, 2009, the date the Event was broadcast and allegedly intercepted by Defendant. Because it filed this lawsuit on March 28, 2012, the last day of the applicable three-year limitations period, its claims are timely.

---

[2] The Texas Court of Appeals case upon which Defendant relies is distinguishable because the state appellate court was not bound by *Prostar* and was therefore free to examine whether Texas law supplied a better statutory analogue for claims under the FCA than the Copyright Act. *J & J Sports Prods., Inc. v. JWJ Mgmt., Inc.*, 324 S.W.3d 823 (Tex. App.—Fort Worth 2010, no pet.).

5

## IV. RECOMMENDATION

The motion to dismiss should be **DENIED.**

**SO RECOMMENDED**, this 31st day of January, 2013.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE